# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA M. COLOTL COYOTL , | ) | Case No. |
| | ) | |
| **Plaintiff-petitioner,** | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| **vs.** | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| JOHN F. KELLY, Secretary, | ) | |
| Department of Homeland Security; | ) | |
| MARK J. HAZUDA, Director, Nebraska | ) | |
| Service Center, U.S. Citizenship and | ) | |
| Immigration Services, LORI | ) | |
| SCIALABBA, Acting Director, U.S. | ) | |
| Citizenship and Immigration Services; | ) | |
| ALFIE OWENS, Chief Counsel, Atlanta | ) | |
| Office of Principal Legal Advisor, U.S. | ) | |
| Immigration and Customs Enforcement; | ) | |
| SIRCE OWEN, Deputy Chief Counsel, | ) | |
| Atlanta Office of Principal Legal | ) | |
| Advisor, U.S. Immigration and Customs | ) | |
| Enforcement. | ) | |

**Defendants-respondents.**

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Ms. Jessica Mayeli Colotl Coyotl, ("Plaintiff") challenges

Defendants' determination to revoke her current DACA approval and to deny her

extension of DACA on the unfounded theory that Plaintiff is not eligible for a

renewal of her status pursuant to an application for Consideration of Deferred Action for Childhood Arrivals ("DACA").  Defendant United States Citizenship and Immigration Services' ("USCIS") and the Defendants acting on behalf of USCIS and U.S. Immigration and Customs Enforcement ("ICE") revoked Ms. Colotl's current DACA and denied her renewal application claiming that "exercising prosecutorial discretion" in this case is not consistent with the Department of Homeland Security's ("DHS") enforcement priorities.  Defendants are scapegoating Plaintiff and arbitrarily changing the process for DACA, for reasons outside the scope of Ms. Colotl's clear eligibility for a renewal of her temporary status – it appears the DHS is using Ms. Colotl as a test case to revoke DACA, exceeding its discretionary authority in an arbitrary and capricious manner.

Plaintiff seeks a declaration that the Defendants' decision violated the Administrative Procedure Act ("APA") because it was arbitrary and capricious. Plaintiff also respectfully petitions this Court for declaratory and a preliminary and permanent injunction to compel Defendants and their subordinates to find that Plaintiff is in fact eligible for a renewal of her DACA status.  As a result of Defendants' improper acts, the Court should order Defendants to unrevoke and reopen and approve Ms. Colotl's DACA status.  Plaintiff alleges as follows:

2

## JURISDICTION

1. This action arises under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255, and 8 U.S.C. § 1254.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), the INA, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  The APA provides a waiver of sovereign immunity as well as a cause of action.  5 U.S.C. § 702. Plaintiff seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. (declaratory relief).

2. Additionally, the scope of review compels this Court to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

## STANDING

3. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.  Defendants' arbitrary and capricious termination of Ms. Colotl's DACA status and denial of her renewal application has adversely affected Ms. Colotl's ability to remain lawfully present in the United States, work with valid authorization, and remain eligible for any and all future applications before USCIS.  Ms. Colotl

thus falls within the APA's standing provisions.

## VENUE

4.  Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendants John F. Kelly, Lori Scialabba, Mark J. Hazuda, Alfie Owens and Sirce Owen are Officers of the United States acting in their official capacities, and the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE") and the United States Citizenship and Immigration Services ("USCIS"), are agencies of the United States.  Additionally, Plaintiff resides in this judicial district.

## EXHAUSTION

5.  There are no additional administrative remedies available for Plaintiff to exhaust.

6.  There is no administrative appeal of the U.S. Citizenship and Immigration Service's decision that the Plaintiff is no longer eligible for DACA status.

## DEFENDANTS

7.  Defendant, John F. Kelly, is sued in his official capacity as Secretary of Department of Homeland Security ("DHS").  As Secretary of DHS, Mr.

Kelly is responsible for the administration and enforcement of the
immigration laws of the United States.

8. Defendant, Lori Scialabba, is sued in her official capacity as Acting Director
of the United States Citizenship and Immigration Services ("USCIS").  As
Director of USCIS, Ms. Scialabba is responsible for the overall
administration of USCIS and the implementation of the immigration laws of
the United States.

9. Defendant, Mark J. Hazuda, is sued in his official capacity as Director of the
USCIS Nebraska Service Center.  As Director of the Nebraska Service
Center, Mr. Hazuda is responsible for the overall administration of the
USCIS Nebraska Service Center and the decisions that are issued.

10. Defendant, Alfie Owens, is sued in her official capacity as Chief Counsel of
the Office of the Principal Legal Advisor for U.S. Immigration and Customs
Enforcement Office in Atlanta, Georgia.  As Chief Counsel, Ms. Owens is
responsible for the overall administration of the ICE Office of the Chief
Counsel and the decisions that are issued.

11. Defendant, Sirce Owen, is sued in her official capacity as Deputy Chief
Counsel of the Office of the Principal Legal Advisor for U.S. Immigration

and Customs Enforcement Office in Atlanta, Georgia.  As Deputy Chief

Counsel, Ms. Owens is second in command for the administration of the ICE

Office of the Chief Counsel and the decisions that are issued.

## STATUTORY AND REGULATORY BACKGROUND

12. On June 15, 2012, the DHS implemented Deferred Action for Childhood

Arrivals ("DACA") authorizing individuals who arrived in the U.S. before

turning 16, were present before June 15, 2007, under age 31 on June 15,

2012, had graduated from high school or obtained a GED, and who had not

been convicted of three or more misdemeanors, a significant misdemeanor,

or an aggravated felony, authorization to remain in the U.S. for a period of

two years.

13. As a result of Defendants' finding, Defendants have stripped Plaintiff of her

ability to remain lawfully present in the United States in valid DACA status.

These actions have exacted grief, hardship, impossibility of obtaining other

official documents, inability to continue to work lawfully in the U.S., and an

imminent threat of removal back to Mexico.

## FACTUAL BACKGROUND

14. On September 28, 1999, Ms. Colotl entered the United States without

inspection at age 11, and she has remained continuously in the U.S. since that time.  See Exhibit A, Copy of Initial DACA Application.

15. On January 9, 2013, the criminal charge of Making a False Statement pend5ing against Ms. Colotl was dismissed through a Pre-Trial Diversion program.  Ms. Colotl did not enter a guilty plea before the charge was dismissed.  Id.  Ms. Colotl only pled guilty to Driving Without a License violation which is considered a minor traffic violation for DACA purposes.

16. On July 1, 2013, Ms. Colotl's initial DACA Application was approved and was valid from July 1, 2013 through June 30, 2015.  See Exhibit B, Copy of DACA Approval Notice.

17. On February 5, 2015, Ms. Colotl submitted an application to renew her DACA status.  It was approved and is valid from May 19, 2015 through May 18, 2017.  See Exhibit C, Copy of DACA Approval Notice.

18. On December 19, 2016, Ms. Colotl submitted an application to renew her DACA status.  See Exhibit D, Copy of I-821D Receipt Notice.

19. On May 2, 2017, USCIS denied Ms. Colotl's Application to renew her DACA status.  Ms. Colotl has yet to receive the notice by mail.  See Exhibit E, Copy of USCIS Case Status Update.

7

20. On May 3, 2017, USICS issued a Termination Notice of Ms. Colotl's current DACA status stating that, "USCIS has determined that exercising prosecutorial discretion in your case is not consistent with the Department of Homeland Security's enforcement priorities." See Exhibit F, Copy of DHS Supplemental Brief with Termination Notice.  Notably, Ms. Colotl only has a copy of the Termination Notice because it was transmitted to the Office of Chief Counsel for U.S. Immigration and Customs Enforcement ("ICE") in Atlanta on the same day the Notice was issued, apparently to Deputy Chief Counsel Sirce Owen (who seems to have been in direct contact with USCIS officials adjudicating Plaintiff's DACA renewal), who then used the Notice to file a supplemental brief requesting that the Immigration Court enter an order of removal to Mexico.  Id.

21. By way of background, during the time that Ms. Colotl has held DACA status, she has also been in removal proceedings.  On October 6, 2016, the Board of Immigration Appeals ("BIA") reopened and remanded her prior removal order to the Immigration Judge with an order to administratively close the case.  See Exhibit G, Copy of BIA Decision.

22. In spite of the order from the BIA to administratively close the case, the

Immigration Judge set a hearing for January 9, 2017, and at that hearing asked the DHS to brief their position on the issue of administrative closure while promising to issue a decision no later than January 16, 2017.

23. On March 29, 2017, the DHS submitted an opposition to the administrative closure based on the new enforcement priority and Ms. Colotl's criminal history which is limited to a guilty plea for the minor traffic offense of Driving Without a License.  See Exhibit H, Copy of DHS Opposition.

24. To date, the Immigration Judge has failed to issue the order closing her case in spite of the BIA's specific demand to issue the order.

## **LEGAL FRAMEWORK**

25. The INA limits judicial review of discretionary decisions under 8 U.S.C. § 1252(a)(2)(B)(ii) and specifies the following:

Matters not subject to judicial review -

(B)  Denials of discretionary relief

Notwithstanding any other provision of law and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-

9

(i)  any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii)  any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

Id. §  1252(a)(2)(B)(i) and (ii).

Notably, the DACA rules promulgated by the DHS do not fall within this statute and thus are not precluded from judicial review.

26. Further, in an Eleventh Circuit Decision issued in 2009, the Court also reasoned that just because the Secretary of Homeland Security has the ultimate discretionary authority to issue a decision in particular cases, does not mean that every determination is discretionary, and hence not subject to review.  See Mejia Rodriguez v. Department of Homeland Security, 562 F.3d 1137 (11th Cir. 2009).

27. The Eleventh Circuit cites to a Third Circuit case wherein the Court states that the jurisdiction-stripping language applies only to a narrower category

of decisions where Congress has taken the additional step to specify that the sole authority for the action is within the Attorney General's discretion. <u>See</u> <u>Alaka v. Attorney General</u>, 456 F.3d  88, 95-96 (3d Cir. 2006); accord <u>Nethagani v. Mukasey</u>, 532 F.3d 150, 154-55 (2d Cir.2008) ("[W]hen a statute authorizes the Attorney General to make a determination, but lacks additional language specifically rendering that determination to be within his discretion the decision is not one that is 'specified to be in the discretion of the Attorney General' for purposes of §  1252(a)(2)(B)(ii).").  There is no statute that gives specific authority to the DHS over discretionary decisions of DACA applications, and it is certainly not included in Section 1252(a)(2)(B)(ii) of the INA.  Therefore, USCIS' denial of Ms. Colotl's DACA status is reviewable by this Court.

28. Additionally, in determining whether the decision denying Ms. Colotl's DACA renewal was arbitrary, capricious, and an abuse of discretion under 5 U.S.C. 706(2)(A) the Court "must determine whether the agency considered the relevant data and rationally explained its decision." <u>Ariz. Pub. Serv. Co.</u> <u>v. U.S. EPA</u>, 562 F.3d 1116, 1122 (10th Cir. 2009).  See also <u>Alaska Dep't</u> <u>of Envtl. Conservation v. EPA</u>, 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision with less than ideal clarity, a reviewing court

11

will not upset the decision on that account if the agency's path may
reasonably be discerned.") (internal quotations omitted).  There is no way to
reasonably discern the denial and termination of Ms. Colotl's DACA status
in that her two previous DACA applications were approved without question
based on the same exacts facts – thus, the recent denial and termination of
her status was clearly an abuse of USCIS' discretion.

29. Finally, the reviewing court may also set aside agency action as arbitrary if
the agency failed to follow its own precedent.  See <u>Galvez-Vergara v.
Gonzales</u>, 484 F.3d 798, 802-03 (5th Cir. 2007).  In the instant case, USCIS
did an about face and denied an application for which Plaintiff was clearly
eligible and that had previously been approved on two prior occasions.
Plaintiff suspects this may have been because the Atlanta Office of Chief
Counsel lost the Motion to Reopen at the BIA and was seeking to prevail in
another way.

## **CLAIMS FOR RELIEF**

## **FIRST CAUSE OF ACTION**

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29
above.

31. Ms. Colotl has been aggrieved by agency action under the Administrative Procedures Act.  5 U.S.C. §§ 701 et seq.

32. The documents Ms. Colotl submitted with her DACA renewal application entitled her to a renewal of her previously accorded DACA status.

33. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act and 5 U.S.C. § 706(2)(A) by denying Plaintiff's DACA renewal application.

34. Plaintiff has suffered and will continue to suffer significant and irreparable harm because of Defendants' policies, procedures, acts and failures to act as described herein.

## SECOND CAUSE OF ACTION

35. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 34 above.

36. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action.  5 U.S.C. § 702.  Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court.  5 U.S.C. § 704.

13

## **THIRD CAUSE OF ACTION**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 above.

38. Defendants owe Plaintiff a clear and certain duty to reopen and approve the application for renewal of her DACA status.

39. Defendants owe Plaintiff a clear and certain duty to find that she is in fact eligible for DACA status.

40. Plaintiff has no other adequate remedy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

1.    Assume jurisdiction over this action;

2.    Issue preliminary and permanent injunction finding that Plaintiff is eligible for DACA status and terminating any actions for removal against her;

3.    Declare that Plaintiff is eligible for DACA status and order USCIS to reopen and approve her Application;

4.    Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and

14

5.   Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 9th day of May, 2017.

KUCK IMMIGRATION PARTNERS LLC,

/s/ Charles H. Kuck
Charles H. Kuck, Esq.
Georgia State Bar No. 429940
Danielle M. Claffey, Esq.
Georgia State Bar No. 222292
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: (404) 816-8611
Fax: (404) 816-8615

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 9th day of May, 2017, the foregoing **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** and its accompanying Exhibits were served by First Class Mail, postage pre-paid, on:

John F. Kelly
Secretary, Department of Homeland Security
425 I Street
Washington, D.C. 20536

Lori Scialabba, Acting Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

Mark J. Hazuda, Director,
Nebraska Service Center,
U.S. Citizenship and Immigration Services
850 S. Street
Lincoln, NE 68508

Alfie Owens, Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
Office of the Chief Counsel
180 Ted Turner Drive SW, Suite 332
Atlanta, Georgia 30303

Sirce Owen, Deputy Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
Office of the Chief Counsel
180 Ted Turner Drive SW, Suite 332
Atlanta, Georgia 30303

16

John A. Horn, U.S. Attorney
Federal District Court, Northern District of Georgia
The United States Attorney's Office
Richard B. Russell Federal Building
75 Ted Turner Drive, Suite 600
Atlanta, Georgia 30303-3309

                              KUCK IMMIGRATION PARTNERS LLC,

                              /s/ Charles H. Kuck
                              Charles H. Kuck, Esq.
                              Georgia State Bar No. 429940
                              Danielle M. Claffey, Esq.
                              Georgia State Bar No. 222292
                              365 Northridge Road, Suite 300
                              Atlanta, GA 30350
                              Phone: (404) 816-8611
                              Fax: (404) 816-8615

                              Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JESSICA M. COLOTL COYOTL,** | ) | **Case No.** |
| | ) | |
| **Plaintiff-petitioner,** | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| **vs.** | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| **JOHN F. KELLY, Secretary,** | ) | |
| **Department of Homeland Security;** | ) | |
| **MARK J. HAZUDA, Director, Nebraska** | ) | |
| **Service Center, U.S. Citizenship and** | ) | |
| **Immigration Services, LORI** | ) | |
| **SCIALABBA, Acting Director, U.S.** | ) | |
| **Citizenship and Immigration Services;** | ) | |
| **ALFIE OWENS, Chief Counsel, Atlanta** | ) | |
| **Office of Principal Legal Advisor, U.S.** | ) | |
| **Immigration and Customs Enforcement;** | ) | |
| **SIRCE OWEN, Deputy Chief Counsel,** | ) | |
| **Atlanta Office of Principal Legal** | ) | |
| **Advisor, U.S. Immigration and Customs** | ) | |
| **Enforcement.** | ) | |

**Defendants-respondents.**

_____

## LIST OF EXHIBITS

Exhibit A    Copy of Initial DACA Application

Exhibit B    Copy of DACA Approval Notice

Exhibit C    Copy of DACA Approval Notice

18

Exhibit D    Copy of I-821D Receipt Notice

Exhibit E    Copy of USCIS Case Status Update

Exhibit F    Copy of DHS Supplemental Brief with Termination Notice

Exhibit G    Copy of BIA Decision

Exhibit H    Copy of DHS Opposition